# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1903.

## Blackburn *v.* Perkins *et al.*

*Bill in Equity to correct Deed.*

1. *Bill in equity to correct description of land in a deed; when correction should be made.*—On a bill filed to have a description of lands conveyed by a deed corrected so as to make said description include the lands intended by the complainant to be purchased and by the grantor to be conveyed, where the evidence shows that in drawing the deed, the grantor either by mistake or through fraud, inserted in lieu of a part of the lands purchased the description of a different tract of land, the complainant is entitled to have the description in said deed corrected as prayed for.

2. *Bill to correct deed; when variance not material.*—On a bill filed for the reformation of a deed, so as to make the description of lands therein correctly describe the property purchased, where it is averred that the lands were originally sold to a certain named person and by him sold to the complainant, but the evidence shows that while the sale was originally negotiated by said named person it was intended for his wife. and the transaction was had between said person and the manager in the name of the former's wife, such variance between the averments of the bill and the proof is not material; such variance being as to matter purely collateral, a failure to prove the averment as made, will not operate to deprive the complainant of relief, if otherwise entitled thereto.

3. *Bill to correct deed; when holder of quit claim deed not entitled to be reimbursed for improvements.*—On a bill filed to reform a deed, so as to correct the description of the land conveyed therein, where it appears that as to a portion of the land al-

20

leged to have been purchased by the complainant, there had been given by the grantor a quit claim deed to a third person, who had made improvements upon said land, the holder of said quit claim deed is not entitled to be reimbursed for such improvements, and such bill is not bad for not offering to pay the holder of said quit claim deed the value of such improvements.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellant, Ladora T. Blackburn, against the appellees, Frank T. Perkins, David Blackburn and John E. Hooper; and sought the correction in a deed executed by Frank T. Perkins to the complainant of the description of land intended to be conveyed thereby. It was averred in the bill as originally filed, that the complainant had purchased certain real estate from Frank T Perkins; that it was her intention to purchase and said Perkins' intention to convey to the complainant the N. E. 1-4 of the N. E. 1-4 of section 28, township 4 S., range 2 W.; that in the deed which was executed by Perkins to the complainant the lands conveyed therein were described as the "S 1-2 of the N. E. 1-4 of N. E. 1-4 and the N. 1-2 of the S. E. 1-4 of N. E. 1-4 of section 28, township 4 S., range 2 W.;" that in this conveyance the N. 1-2 of the S. E. 1-4 of the N. E. 1-4 of said section 28 was substituted for the N. 1-2 of the N. E. 1-4 of the N. E. 1-4 of section 28; that after said purchase and conveyance the complainant went into possession of all the N. E. 1-4 of the N. E. 1-4 of section 28 and occupied the same; that she subsequently leased a portion of said property; that upon the N. 1-2 of the N. E. 1-4 of the N. E. 1-4 of said section 28 there were improvements, such as a dwellling house, etc., and it was the complainant's intention to purchase the portion of the property upon which the dwelling house was located, and it was understood between her and said Perkins that she was so purchasing it; that after said purchase by the complainant from Perkins and after the complainant had gone into possession of said property, the said Perkins executed a quit claim deed to the N. E. 1-2 of the N. E. 1-4 of the N. E. 1-4 of said

section 28 to one David Blackburn who had notice and knowledge of said complainant's claim, and that subsequently said Blackburn executed a quit claim deed to the said N. 1-2 of the N. E. 1-4 of the N. E. 1-4 of section 28, to John E. Hooper, who at the time of said conveyance had such notice of the claim of the complainant as should have put him on inquiry, and if such inquiry had been followed up it would have led to a knowledge of the complainant's claim to said property.

The prayer of the bill was that the mistake in said deed be corrected, so as to make the deed convey to the complainant the whole of the N. E. 1-4 of the N. E. 1-4 of section 28, township 4 S.; range 2 W., and that the deed from Perkins to Blackburn and from Blackburn to Hooper be delivered up and cancelled as a cloud upon complainant's title.

The bill was subsequently amended so as to aver that the said N. E. 1/4 of the N. E. 1/4 of said section 28 was originally sold by said Frank Perkins to one Frank Maura; that after the sale of said property had been negotiated and completed, but before the deed thereto had been executed by said Perkins, the complainant purchased said property from Maura, and in accordance with an agreement between said Maura and Perkins and the complainant, the deed was executed directly to the complainant from said Perkins. That in accordance with said negotiation, the complainant paid to the said Perkins the balance of the purchase money that was due him from said Maura, and to secure the balance of the purchase money due from her to said Maura, she executed a mortgage on said land to Kate Maura, the wife of Frank Maura. The bill was further amended by averring that the mistake in the description of the land as contained in the deed from Perkins to the complainant was made by a mistake on the part of said Perkins with the intention to defraud. The respondents answered the bill, denying that there had been a mistake in the description of the land as contained in the deed from Perkins to the complainant, and averring that said deed described the lands which it was Perkins' intention to convey to the complainant, and that at the time of receiving their deeds to the N. 1/2 of the N. E. 1/4 of the

N. E. ¼ of said section 28, neither David Blackburn nor J hn E. Hooper had notice of the claim of the complainant.

The evidence introduced showed 'that in the original sale of the land from Perkins, the negotiations were had between the said Perkins and Frank Maura in behalf of his wife, Kate Maura, and that the lands were sold by Perkins to Kate Maura and not to Frank Maura. It was further shown by the evidence that after the conveyance to Hooper by Blackburn of the N. ½ of the N. E. ¼ of the N. E. ¼ of section 28, said Hooper had put valuable improvements on the land.

There was evidence introduced on the part of the complainant tending to show that the original purchase by Maura from Perkins was for the whole of the N. E. ¼ of the N. E. ¼ of section 28, and that she purchased this land from Maura and that the deed was executed directly from Perkins to her in accordance with the agreement between the parties, and that it was her intention and the intention of said Perkins and Maura that the whole of the N. E. ¼ of the N. E. ¼ of said section 28 should be conveyed by said deed.

The evidence introduced by the defendants tended to show that the deed from Perkins to the complainant correctly described the lands which were sold and intended to be sold by Perkins to Maura and the complainant.

Under the opinion, it is unnecessary to set out the facts in detail.

On the submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered accordingly. From this decree the complainant appeals, and assigns the rendition thereof as error.

ROACH & MCMILLAN, for appellants, cited *Houston v. Faul*, 86 Ala. 232; *Weathers v. Hill*, 92 Ala. 492; *Berry v. Sowell*, 72 Ala. 17; *Davis v. Williams*, 130 Ala. 530; *Alabama State Fair & Agr. Asso. v. Ala. G. F. & P. Co.*, 131 Ala. 256.

ERVIN & McALEER, *contra.*—The proof must be clear, exact and convincing that a mistake has been made, and also what was intended to be conveyed.—*Hertzler v. Stephens,* 119 Ala. 337.

It would not be equity to allow complainant to take Cooper's improvements, etc. without recompensing him for them. The same rule as where a conveyance is set aside as constructively fraudulent, but no actual fraud is shown should be applied; that is the conveyance should stand as security for the amount actually paid for it and expended on it.—*Gordon, Rankin & Co. v. Tweedy,* 74 Ala. 232; *Bromberg v. Ruse,* 88 Ala. 628.

McCLELLAN, C. J.—The evidence in this transcript satisfies us that Perkins contracted to sell to Mrs. Maura that forty acre subdivision of the northeast quarter of section 28, township 4, range 2 west, upon which were at the time certain houses and other improvements and that he put her in possession of that particular subdivision. By an arrangement among the parties, Mrs. Blackburn, the complainant, acquired Mrs. Maura's interest under this contract, paid Perkins the price Mrs. Maura was to pay, and thereupon Perkins undertook to make a deed to Mrs. Blackburn of the land involved in the Maura contract and of which the Mauras were in possession. This land, it is clear to us on the testimony, was the north-east quarter of the north-east quarter of said section. This is the land all the parties contracted with reference to and of which first the Mauras and after them the complainant went into possession. This is the land Mrs. Blackburn paid for, and to which she was entitled and supposed she had received a deed. But in drawing the deed Perkins, presumably by mistake, but if not mistakenly then fraudulently, inserted in lieu of the north half of said forty acre parcel, the north half of the forty acre parcel adjoining it on the south, all the improvements being on that part of the forty contracted for thus wrongfully omitted from the deed. On this statement of the case, we have no difficulty in reaching the conclusion that the complainant is entitled to the relief by way of reformation of Perkins' deed to her which she prays.

We are not impressed that there is any merit in the suggestion that there is a material variance between the averments of the bill and the proof in respect to the first sale by Perkins. In a sense, this sale was to Frank Maura, though the place was intended for his wife, and the transaction was had between him and Perkins in the name of his wife. Whether the sale first contracted was in a strictly legal sense to the one or to the other, was of no consequence to the complainant, and her rights were the same, whether to the one or to the other. The matter being thus purely collateral, a failure to prove the averment as made, should not operate to deprive her of the relief she is entitled to.

The complainant is under no obligation to reimburse Hooper's estate for improvements he put on the land. He had only a quit claim deed and, moreover, he had actual notice of Mrs. Blackburn's ownership. In erecting buildings, fences, etc., he acted at his peril, and her bill is not bad for not offering to pay him their value.

The decree of the chancellor must be reversed, and the cause will be remanded for further proceedings in that court in accordance with this opinion.

Reversed and remanded.